**ORIGINAL**

Priority ___
Send ___
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA vs.

| | |
|---|---|
| Defendant | JOHN EDWARDS |
| akas | N/A |
| & Residence Address | 4910 Libbit Avenue, Encino, CA 91436 |

Docket No. CR- ✓ CR99-1094-ER (Entered)

Social Security No. UNKNOWN

Mailing Address: Metropolitan, 535 N. Alameda St., Los Angeles, CA 90012

ENTERED JUL 2 4 2002 7-24-02

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date. **MONTH JULY DAY 8 YEAR 2002**

**COUNSEL** [X] WITH COUNSEL — ANGELA PARROT, DFPD
(Name of Counsel)

**PLEA** [X] GUILTY, and the court being satisfied that there is a factual basis for the plea.  [ ] NOLO CONTENDRE  [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [ ] GUILTY, defendant has been convicted as charged of the offense(s) of:

Causing a False Statement to be made to a federally insured financial institution in violation of 18 USC §1014 and §2(b) as charged in Counts 1, 2, 3, 4, 5, and 6 of the Indictment, Docket No. CR99-1094-ER; and Causing a False Statement to be made to a federally insured financial institution in violation of 18 USC §1014 and §2(b) as charged in Counts 1, 2, 3, and 4 of the Indictment, Docket No. CR00-293-ER.

**JUDGMENT AND PROB./COMMITMENT ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**21 months**, consisting of 21 months on each of Counts 1 through 6 of the Indictment, Docket No. CR99-1094-ER, and 21 months on each of Counts 1 through 4 of the Indictment, Docket No. CR00-293-ER, all such terms to run concurrently.

Upon release from imprisonment, the Defendant shall be placed on supervised release for a term of **3 years**, consisting of 1 year on each of Counts 1 through 6 of the Indictment, Docket No. CR99-1094-ER, and 3 years on each of Counts 1 through 4 of the Indictment, Docket No. CR00-293-ER, all such terms to run concurrently, under the following terms and conditions:

1. The Defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;

2. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, as directed by the Probation Officer;

3. During the period of community supervision the Defendant shall pay the special assessment and the fine in accordance with this judgment's orders pertaining to such payment;

4. The Defendant shall notify the Court, through the Probation Office, of any material change in the Defendant's economic circumstances that might affect the Defendant's ability to pay restitution or special assessments;

UNITED STATES OF AMERICA    Docket Nos. <u>CR99-1094-ER; CR00-293-ER</u>
vs
Defendant <u>JOHN EDWARDS</u>    DATE: <u>July 8, 2002</u>

| JUDGMENT AND PROBATION/COMMITMENT ORDER |
|---|

5. As directed by the Probation Officer, the Defendant shall provide to the Probation Officer a signed release authorizing credit report inquiries, federal and state income tax returns and an accurate financial statement with supporting documentation to all assets, income, and expenses of the Defendant. In addition, the Defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer;

6. The Defendant shall truthfully and timely file and pay taxes owed for the years of conviction and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the Defendant shall show proof to the Probation Officer of compliance with this order;

7. The Defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport, or any other form of identification without the prior written approval of the Probation Officer; further, the Defendant shall not use, for any purpose or in any manner, any name other than his true legal name.

8. Defendant is ordered to pay restitution pursuant to 18 U.S.C. § 3663 in the amount of $98,834. The amount of restitution ordered shall be paid as follows:

| Victim | Amount |
|---|---|
| California Federal Bank<br>Legal Department<br>P.O. Box 348480<br>Sacramento, California 95834-8480 | $98,834 |

Restitution shall be due during the period of imprisonment, as directed by the Court or the United States Attorney, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. Further restitution payments shall be made during the period of supervised release as directed by the Probation Officer.

9. The Defendant is ordered to pay a fine in the amount of $40,000.

10. The Defendant is ordered to comply with General Order 01-05.

11. It is ordered that the Defendant shall pay to the United States a special assessment of $500, which is due immediately. This amount consists of $50 on each of 10 counts.

**Court further orders that Defendant not be sent to his Bureau of Prisons designated institution prior to resolution of his new Indictment (CR02-619-ER).**

If you wish to appeal this sentence, you must file a written notice of appeal with this Court within 10 days of today, or you will lose your right to appeal. *[Fed. R. App. P. 4(b)]*. If you are unable to afford an attorney for your appeal, one may be appointed at no cost to you

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this Judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

☐ This is a direct commitment to the Bureau of Prisons and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed by: U. S. District Judge _____

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed    JUL 23 2002        By _____
Sandy Eagle, Deputy Clerk

U.S.A. vs. JOHN EDWARDS                                    Docket Nos.:  CR99-1094-ER; CR00-293-ER

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### Statutory Provisions Pertaining to Payment and Collection of Financial Sanctions

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution- pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### Special Conditions for Probation and Supervised Release

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

U.S.A. vs __JOHN EDWARDS__                              Docket Nos.:__CR99-1094-ER; CR00-293-ER__

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this Judgment.

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED: _____        BY: _____

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED: _____        BY: _____
                                                  Sandy Eagle                    , Deputy Clerk

AO-245-A (01/90)          JUDGMENT AND PROBATION/COMMITMENT ORDER